IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                          )
                                                )
RALPH E. RANGE, d/b/a                           ) Bankruptcy Case No. 08-32522
RANGE CONSTRUCTION COMPANY,                     )
and LYNN E. RANGE,                              )
                                                )
                            Debtors.            )

## OPINION

This matter having come before the Court on a Motion for Relief from the Automatic Stay filed by John Wottowa and Denise Wottowa, Creditors, and Response to Motion for Relief from Automatic Stay filed by Debtors; the Court, having heard arguments of counsel and being otherwise fully informed in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Pursuant to 28 U.S.C. § 157(b)(2)(I), the Bankruptcy Court has exclusive core jurisdiction over all proceedings to determine dischargeability of particular debts in a bankruptcy proceeding. Creditor actions under 11 U.S.C. § 523(a)(2), (4), and (6), are within the exclusive jurisdiction of the Bankruptcy Court. Brown v. Felsen, 442 U. S. 127, 99 S.Ct. 2205 (1979). As a result, findings of fact and conclusions of law made in State Court proceedings as to dischargeability issues under those sections have no collateral estoppel or *res judicata* effect in the Bankruptcy Court.

In the instant proceeding, the Court finds that Creditors, John Wottowa and Denise Wottowa, may file an adversary proceeding to determine dischargeability of their debt with the Debtors in this Court prior to the present deadline established of April 24, 2009. The Creditors have the choice to have this Court determine the extent of their debt within the dischargeability proceeding, or, in the event that the Creditors receive a finding of non-dischargeability, they may choose to have the extent of their debt determined at a later date by the State Court. As a result of this Court's findings of fact and conclusions of law, it is

clear that the Creditors have failed to show cause pursuant to 11 U.S.C. § 362(d)(1) for relief from the automatic stay in their favor.

ENTERED:  February  26 , 2009.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge